UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ASHLEY RICHARD** | **CASE NO. 2:21-CV-03633** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DG LOUISIANA LLC** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the court is a Motion for Summary Judgment [doc. 17] filed by defendant DG Louisiana LLC ("Dollar General"), seeking dismissal of the personal injury claims brought by plaintiff Ashley Richard. Richard opposes the motion. Doc. 20.

**I.**
**BACKGROUND**

This suit arises from injuries allegedly suffered by Richard while shopping at a Dollar General Store in Lake Charles, Louisiana, on February 19, 2021. Doc. 1. Specifically, Richard asserts that she slipped on a liquid substance in the walkway of the aisle and that Dollar General knew or should have known of the presence of this substance. *Id.* She filed suit in this court on October 14, 2021, raising claims under Louisiana law. *Id.*

Record evidence, more fully described below, shows that the spill came from a 12-pack of soda dropped by a customer near the checkout counters shortly before Richard slipped. Dollar General now moves for summary judgment, arguing that Richard cannot meet her burden of showing it created the alleged hazardous condition or had actual or constructive notice of it. It also asserts that some of plaintiff's evidence—notably,

Richard's testimony about what the manager who helped her fill out the accident report said about the spill—should be excluded as hearsay. Doc. 17. Richard opposes the motion, asserting that the short time was sufficient given the proximity of employees to the spill. Doc. 20. She does not rely on the hearsay statements or address Dollar General's arguments for their exclusion. Accordingly, the court does not consider them below.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *E.g.*, *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6. To prevail, a plaintiff must prove the following (in addition to all other elements of his claim): (1) a condition on the premises presented an unreasonable risk of harm; (2) this harm was reasonably foreseeable; (3) the merchant either created or had actual or constructive notice of the condition; and (4) the merchant failed to exercise reasonable care. La. Rev. Stat. § 9:2800.6(B); *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).

Dollar General argues that Richard's suit fails because she cannot satisfy the third element of the LMLA. "To survive a motion for summary judgment, a plaintiff must submit 'positive evidence' that a merchant created or had actual or constructive notice of the conditions that allegedly caused a plaintiff's damages." *Perez v. Winn-Dixie Montgomery, LLC*, 2019 WL 1367526, at *2 (E.D. La. Mar. 26, 2019) (quoting *Duncan v. Wal-Mart La.,*

*LLC*, 863 F.3d 406, 410 (5th Cir. 2017)). To show "constructive notice" under the LMLA, the plaintiff must prove "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. Rev. Stat. § 9:2800.6(C)(1). An employee's presence near the condition "does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." *Id.* Accordingly, plaintiff bears "an onerous burden" in satisfying this element. *Scott v. Dillard's, Inc.*, 169 So.3d 468, 472 (La. Ct. App. 5th Cir. 2015).

Richard testified that she was in the checkout line at Dollar General on a busy day and had just reached the register. Doc. 17, att. 3, pp. 2–3. She then remembered that she had forgotten an item and walked to the back of the store, slipping on a 12-pack of root beer that had split open on the floor right by the registers when she was returning. *Id.* at 3, 4. She did not see the 12-pack or the spill until after she fell. *Id.* at 4–6. She did not hear anyone drop the cans or say anything about them, and she did not know how long they had been on the floor. *Id.* at 6–8.

There were three employees in the store at the time of the accident: Amy Choate, Martha Trahan, and Melanie Key. Amy Choate was at the register where Richard was checking out. She testified that she saw a man with a 12-pack of sodas in his hand and then heard what sounded like the sodas dropping right around the time that Richard announced she had forgotten something and walked quickly to the back of the store. Doc. 17, att. 4, pp. 2–4, 9. She stated that, at most, two minutes elapsed between when she heard the sodas drop and when Richard returned. *Id.* at 6–7. She did not see the sodas or any liquid on the

ground until after Richard slipped. *Id.* at 10–12. During the time Richard was retrieving her item, Choate helped Melanie Key with her register. Doc. 20, att. 5, p. 22. Choate testified that she did not hear any liquid spewing and thus made no attempt to investigate before Richard's fall, even though that area of the floor was within her line of sight. *Id.* at 32, 41, 49.

The manager, Martha Trahan, testified that she was in the back of the store at the time of the accident. Doc. 17, att. 6, pp. 2–3, 9. She stated that she had no knowledge of the spill until she was informed of Richard's fall. *Id.* Melanie Key, the only other employee at the store at the time, remained at her register and did not have any independent knowledge of how the fall occurred. Doc. 17, att. 5, pp. 2–5.

"If a reasonable inference can be drawn from the circumstantial evidence . . . that it was more probable than not the [hazard] existed for some period of time prior to the accident, the court can conclude the store had constructive notice." *Cali v. Cracker Barrel Old Country Store, Inc.*, 2016 WL 6947001, at *5 (E.D. La. Nov. 28, 2016) (quoting *Ceasar v. Wal-Mart Stores, Inc.*, 787 So.2d 582, 585 (La. Ct. App. 3d Cir. 2001)). "Some period of time," however, does not mean any amount of time. Where the evidence is ambiguous and does not support an inference that the hazard existed for a sufficient time, the Fifth Circuit has affirmed summary judgment in favor of the merchant. *Taylor v. Wal-Mart Stores, Inc.*, 464 F. App'x 337 (5th Cir. 2012).

Plaintiff argues that the store had actual notice of the hazardous condition and breached its duty of care when the employee who heard the cans drop failed to immediately investigate or respond to the spill. Amy Choate, however, only testified that she was aware

that the 12-pack had been dropped—not that she knew any liquid was leaking from the cans. In fact, she assumed that no liquid was leaking because she did not hear it and therefore decided not to investigate. Accordingly, the court's task is to evaluate whether she had constructive notice of the spill and whether her failure to investigate/remedy it amounted to a breach of reasonable care.

The merchant's reasonable care is determined based on several circumstances. *Williamson v. Wal-Mart Stores, Inc.*, 130 So.3d 478, 482 (La. Ct. App. 2d. Cir. 2014). Length of time, however, remains a required consideration—it "may arguably diminish in relevance under some circumstances, [but] it certainly does not diminish to the point of being eliminated." *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1085 (La. 1997). Whether a defendant exercised reasonable care under § 9:2800.6 is a question of fact. *E.g.*, *Thompson v. Winn-Dixie Montgomery, Inc.*, 2008 WL 4200295, at *6 (M.D. La. Sept. 11, 2008); *James v. Autozone, Inc.*, 879 So.2d 162, 164 (La. Ct. App. 1st Cir. 2004).

The record establishes the following: up to two minutes passed between spill and fall; Choate heard an object being dropped but not any sound of liquid splashing or escaping (as one might expect from carbonated beverages in aluminum cans); Choate assumed it was a 12-pack of soda that had dropped; Choate could have seen the area where the sodas were dropped but failed to look in that direction; the store was very busy; and Choate was occupied with other duties relating to the flow of customers during that time. Considering cases where the plaintiff could only show that the spill existed for ten minutes or fewer before his fall, Louisiana courts have found the duration insufficient to impose constructive notice on a merchant. *Robinson v. Wal-Mart Stores, Inc.*, 2016 WL 5210711,

at *5–*6 (W.D. La. Sep. 15, 2016) (collecting cases). Those cases, however, lack the elements of employees near the hazard who have also admitted that they heard events from which a person could reasonably infer that a spill might have resulted. Viewing the circumstances in a light most favorable to the plaintiff, the court cannot determine that a jury would be compelled to decide the case in defendant's favor as to the store's constructive notice of the spill or its reasonable care in failing to remedy the situation. Accordingly, Dollar General is not entitled to summary judgment.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 17] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 10th day of April, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**